CLOSED

# U.S. District Court
# Northern District of Georgia (Atlanta)
# CRIMINAL DOCKET FOR CASE #: <u>1:22–mj–00148–JKL</u>–1

Case title: USA v. Parker

Other court case number:  22cr46 Northern Dist of NY

Date Filed: 02/17/2022

Date Terminated: 02/17/2022

Assigned to: Magistrate Judge
John K. Larkins, III

**<u>Defendant (1)</u>**

**Taquan Parker**
*TERMINATED: 02/17/2022*

represented by **Keenen Twymon**
Federal Defender Program, Inc.
101 Marietta Street NW
Ste 1500
Atlanta, GA 30303
404–688–7530
Email: <u>keenen_twymon@fd.org</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community
Defender Appointment*

ATTEST: A TRUE COPY
CERTIFIED THIS

Date: ___2/22/2022_____

KEVIN P. WEIMER, Clerk

By: ___s/ Velma Shanks_____
          Deputy Clerk

| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
| --- | --- |
| None | |

| **<u>Highest Offense Level (Opening)</u>** | |
| --- | --- |
| None | |

| **<u>Terminated Counts</u>** | **<u>Disposition</u>** |
| --- | --- |
| None | |

| **<u>Highest Offense Level<br>(Terminated)</u>** | |
| --- | --- |
| None | |

| **<u>Complaints</u>** | **<u>Disposition</u>** |
| --- | --- |
| 18:1349, 1341 and 1028A(a)(1)–<br>Conspiracy to commit mail fraud<br>and wire fraud. | |

1

**Plaintiff**

**USA**                                          represented by   **Gregory E. Radics**
                                                                 Office of the United States
                                                                 Attorney−ATL600
                                                                 Northern District of Georgia
                                                                 600 United States Courthouse
                                                                 75 Ted Turner Dr., S.W.
                                                                 Atlanta, GA 30303
                                                                 404−581−6265
                                                                 Fax: 404−581−6181
                                                                 Email: gregory.radics@usdoj.gov
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*
                                                                 *Designation: Retained*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 02/17/2022 | 1 | | ORDER APPOINTING FEDERAL PUBLIC DEFENDER Keenen Twymon for Taquan Parker as to Taquan Parker Signed by Magistrate Judge John K. Larkins, III on 2/17/2022. (vs) (Entered: 02/22/2022) |
| 02/17/2022 | | | Arrest (Rule 5) of Taquan Parker (vs) (Entered: 02/22/2022) |
| 02/17/2022 | 2 | | Minute Entry for proceedings held before Magistrate Judge John K. Larkins, III: Initial Appearance in Rule 5(c)(3) Proceedings and Bond Hearing as to Taquan Parker held on 2/17/2022, Defendant waives Preliminary Hearing. Waiver filed, Bond set as to Taquan Parker (1) 10,000.00. Bond filed, defendant released. (Tape #FTR) (vs) (Additional attachment(s) added on 2/22/2022: # 1 Correct PDF − Minute Sheet) (vs). (Entered: 02/22/2022) |
| 02/17/2022 | 3 | | WAIVER of Rule 5 Hearings by Taquan Parker. (vs) (Entered: 02/22/2022) |
| 02/17/2022 | 4 | | Non−Surety Bond on Rule 5(c)(3) Entered as to Taquan Parker in amount of $ 10,000.00, (vs) (Entered: 02/22/2022) |
| 02/17/2022 | 5 | | CJA 23 Financial Affidavit by Taquan Parker (vs) (Entered: 02/22/2022) |
| 02/17/2022 | 6 | | ORDER Setting Conditions of Release as to Taquan Parker. Signed by Magistrate Judge John K. Larkins, III on 2/17/2022. (vs) (Entered: 02/22/2022) |
| 02/17/2022 | 7 | | ORDER Pursuant to the Due Process Protections Act as to Taquan Parker Signed by Magistrate Judge John K. Larkins, III on 2/17/2022. (vs) (Entered: 02/22/2022) |
| 02/17/2022 | | | Magistrate Case Closed. Defendant Taquan Parker terminated. (vs) (Entered: 02/22/2022) |

FILED IN OPEN COURT
U.S.D.C. - Atlanta

FEB 17 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.

TAQUAN PARKER

    Defendant.

CRIMINAL ACTION FILE NO.

1:22-MJ-148-JKL

### ORDER APPOINTING COUNSEL

### KEENEN TWYMON

The above-named defendant has testified under oath or has filed with the Court an affidavit of financial status and hereby satisfied this Court that he or she is financially unable to employ counsel.

Accordingly, the **FEDERAL DEFENDER PROGRAM, INC.,** is hereby appointed to represent this defendant in the above-captioned case unless relieved by an Order of this Court or by Order of the Court of Appeals.

Dated at Atlanta, Georgia this 17th day of February, 2022.

_____

JOHN K. LARKINS III
United States Magistrate Judge

DATE: 2/17/2022 @ 3:17 p.m.

TAPE: FTR

TIME IN COURT: 18 Minutes

| MAGISTRATE JUDGE | | JOHN K. LARKINS III | | COURTROOM DEPUTY CLERK: | | Cynthia Mercado | |
|---|---|---|---|---|---|---|---|
| CASE NUMBER: | | 1:22-MJ-148-JKL | | DEFENDANT'S NAME: | | Taquan Parker | |
| AUSA: | Gregory Radics | | | DEFENDANT'S ATTY: | | Keenan Twymon | |
| USPO / PTR: | J. Alexander | | | ( ) Retained | ( ) CJA | (X) FDP | ( ) Waived |

| | ARREST DATE | | | | | | |
|---|---|---|---|---|---|---|---|
| X | Initial appearance hearing held. | | | | X | Defendant informed of rights. | |
| | Interpreter, sworn: | | | | | | |

**COUNSEL**

| X | ORDER appointing Federal Defender as counsel for defendant. | | |
|---|---|---|---|
| | ORDER appointing | | as counsel for defendant. |
| | ORDER: defendant to pay attorney's fees as follows: | | |

**REMOVAL HEARING**

| X | Defendant WAIVES identity hearing. | | | X | WAIVER FILED |
|---|---|---|---|---|---|
| | Identity hearing HELD. | | Defendant is named defendant in complaint / indictment. | | |
| | Defendant WAIVES preliminary hearing in this district only. | | | | WAIVER FILED |
| | Preliminary hearing HELD. | | Probable cause found.   Defendant to answer to charges in other district. | | |
| | Preliminary hearing set for | | | | |
| | Commitment issued; defendant ORDERED held for removal to other district. | | | | |

**BOND/PRETRIAL DETENTION HEARING**

| | Government's motion for detention filed. | | | | | | @ | |
|---|---|---|---|---|---|---|---|---|
| | Detention hearing | | | @ | | | | (In charging district.) |
| X | Bond/Pretrial detention hearing HELD. | | | | | | | |
| | Government motion for detention | | ( ) GRANTED | ( ) DENIED | | | | |
| | Pretrial detention ordered. | | | Written order to follow. | | | | |
| X | BOND set at | $ 10,000 | | X | NON-SURETY | | SURETY | |

| | | | cash | | | property | | corporate surety ONLY | |
|---|---|---|---|---|---|---|---|---|---|
| | SPECIAL CONDITIONS:  ' | | | | | | | | |
| | | | | | | | | | |
| X | Bond filed.   Defendant released. | | | | | | | | |
| | Bond not executed. Defendant to remain in Marshal's custody. | | | | | | | | |
| | Motion | | (verbal) | | to reduce/revoke bond filed. | | | | |
| | Motion to reduce/revoke bond | | | | GRANTED | | DENIED | | |

MINUTES: Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence- that is, evidence that favors the defendant or casts doubt on the United States' case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so.  The government has a duty to disclose any evidence that goes to negating the defendant's guilt, the credibility of a witness, or that would reduce a potential sentence.  The defendant is entitled to this information without a request.   Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

WITNESSES:

| |
|---|
| |
| |
| |

EXHIBITS:

| | | | | |
|---|---|---|---|---|
| | | | | |
| | | | | |
| Original Exhibits | | RETAINED by the Court | | RETURNED to counsel |

AO 466A (Rev. 07/16) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
### for the
Northern District of Georgia

**FILED IN OPEN COURT**
U.S.D.C. - Atlanta

**FEB 17 2022**

| | | |
|---|---|---|
| United States of America | ) | **KEVIN P. WEIMER, Clerk** |
| v. | ) | Case No. 1:22-MJ-148-JKL  By: ⬯⬯ Deputy Clerk |
| | ) | |
| TAQUAN PARKER | ) | Charging District's Case No. 1:22-CR-46 |
| *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* ___United States District Court,___

___Northern District of New York___.

I have been informed of the charges and of my rights to:

(1)   retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)   an identity hearing to determine whether I am the person named in the charges;

(3)   production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)   a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)   a hearing on any motion by the government for detention;

(6)   request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑   an identity hearing and production of the warrant.

☐   a preliminary hearing.

☐   a detention hearing.

☐   an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that any preliminary or detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: ___2/17/22___

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

___Keenen J. Twyman___
*Printed name of defendant's attorney*

4

AO 98 (Rev. 12/11) Appearance Bond

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| United States of America | ) |
| v. | ) |
|  | ) | Case No. 1:22-MJ-148-JKL |
| TAQUAN PARKER | ) |
| *Defendant* | ) |

FILED IN OPEN COURT
U.S.D.C. - Atlanta

FEB 17 2022

KEVIN P. WEIMER, Clerk
By: _Cerm_ Deputy Clerk

## APPEARANCE BOND

### Defendant's Agreement

I, _____ TAQUAN PARKER _____ *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

( ✗ ) to appear for court proceedings;
( ✗ ) if convicted, to surrender to serve a sentence that the court may impose; or
( ✗ ) to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

( ) (1) This is a personal recognizance bond.

( ✗ ) (2) This is an unsecured bond of $ _10,000_ .

( ) (3) This is a secured bond of $ _____ , secured by:

( ) (a) $ _____ , in cash deposited with the court.

( ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of ownership and value)*:

If this bond is secured by real property, documents to protect the secured interest may be filed of record.

( ) (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

5

AO 98 (Rev. 12/11) Appearance Bond

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

### Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

    (1)    all owners of the property securing this appearance bond are included on the bond;

    (2)    the property is not subject to claims, except as described above; and

    (3)    I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date: _____        _____
                                                                   *Defendant's signature*

_____      _____
      *Surety/property owner – printed name*                              *Surety/property owner – signature and date*

_____      _____
      *Surety/property owner – printed name*                              *Surety/property owner – signature and date*

_____      _____
      *Surety/property owner – printed name*                              *Surety/property owner – signature and date*

CLERK OF COURT

Date: _____

_____
                       *Signature of Clerk or Deputy Clerk*

Approved.

Date: 2/17/22        _____
                                                 *Judge's signature*

| **IN THE UNITED STATES** ☑ DISTRICT COURT ☐ COURT OF APPEALS ☐ OTHER *(Specify Below)* | | | | LOCATION NUMBER |
|---|---|---|---|---|
| IN THE CASE OF | | FOR | | |
| *US* V. *Taquan Parker* | | AT | | |

| PERSON REPRESENTED *(Show your full name)* | | 1 ☐ Defendant - Adult | DOCKET NUMBERS |
|---|---|---|---|
| | | 2 ☐ Defendant - Juvenile | Magistrate Judge |
| | | 3 ☐ Appellant | |
| | | 4 ☐ Probation Violator | District Court |
| | | 5 ☐ Supervised Release Violator | |
| CHARGE/OFFENSE *(Describe if applicable & check box→)* ☐ Felony | | 6 ☐ Habeas Petitioner | Court of Appeals |
| | ☐ Misdemeanor | 7 ☐ 2255 Petitioner | |
| | | 8 ☐ Material Witness | |
| | | 9 ☐ Other *(Specify)* _____ | |

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

| INCOME & ASSETS | **EMPLOYMENT** | Do you have a job? ☑ Yes ☐ No |
|---|---|---|
| | | **IF YES,** how much do you earn per month? $3900 |
| | | Will you still have a job after this arrest? ☑ Yes ☐ No ☐ Unknown |

Do you own any of the following, and if so, what is it worth?

| | APPROXIMATE VALUE | DESCRIPTION & AMOUNT OWED |
|---|---|---|
| Home | $ ——— | |
| Car/Truck/Vehicle | $ 10,000 | |
| Boat | $ ——— | |
| Stocks/bonds | $ ——— | |
| Other property | $ ——— | |

**PROPERTY**

**CASH & BANK ACCOUNTS**

Do you have any cash, or money in savings or checking accounts? ☐ Yes ☑ No

**IF YES,** give the total approximate amount after monthly expenses $ _____

How many people do you financially support? _3_

| OBLIGATIONS, EXPENSES, & DEBTS | BILLS & DEBTS | MONTHLY EXPENSE | TOTAL DEBT |
|---|---|---|---|
| | Housing | $ 1500 | $ |
| | Groceries | $ —— | $ |
| | Medical expenses | $ —— | $ |
| | Utilities | $ 250 | $ |
| | Credit cards | $ —— | $ |
| | Car/Truck/Vehicle | $ —— | $ |
| | Childcare | $ —— | $ |
| | Child support | $ —— | $ |
| | Insurance | $ 250 | $ |
| | Loans | $ —— | $ |
| | Fines | $ —— | $ |
| | Other | $ —— | $ |

I certify under penalty of perjury that the foregoing is true and correct.

_____
SIGNATURE OF DEFENDANT
(OR PERSON SEEKING REPRESENTATION)

2/17/22
Date

AO 199A (Rev. 12/11) Order Setting Conditions of Release

Page 1 of ___3___ Pages

FILED IN OPEN COURT
U.S.D.C. - Atlanta

FEB 17 2022

KEVIN P. WEIMER, Clerk
By: _____Deputy Clerk

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

|  |  |
|---|---|
| United States of America | ) |
| v. | ) |
|  | ) Case No. 1:22-MJ-148-JKL |
| TAQUAN PARKER | ) |
| *Defendant* | ) |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: ___US Courthouse, Albany, NY___
*Place*

on ___3-10-22 @ 2pm___
*Date and Time*

If blank, defendant will be notified of next appearance.

(5) The defendant must sign an Appearance Bond, if ordered.

AO 199B (Rev. 12/11) Additional Conditions of Release

## ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:

Person or organization _____

Address *(only if above is an organization)* _____

City and state _____ Tel. No. _____

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____ _____
    *Custodian*            *Date*

( **x** ) (7) The defendant must:

submit to supervision by and report for supervision

( **x** ) (a) to the _____ ( **x** ) U.S. Pretrial Services ( ) U.S. Probation Office
    telephone number ██████████ , ( ) No later than _____ (✓) Before leaving courthouse, or _____

( **x** ) (b) maintain or actively seek lawful and verifiable employment.

( ) (c) continue or start an education program.

( **x** ) (d) surrender any passport to   your supervising officer by : _____, and do not obtain nor possess a passport or other international travel document, not obtain or possess a passport or other international travel document in your name, another name or on behalf of a third party, including minor children.

( x ) (e) abide by the following restrictions on personal association, residence, or travel:   Reside at address provided to Pretrial Services and do not change your  address or telephone number w/o written PTS pre- approval

( **x** ) (f) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including:   any and all co-defendants and/or unindicted co-conspirators

( ✗ ) (g) get medical or psychiatric treatment:   (✗) as directed by your supervising officers   ( ) _____
    *undergo a mental health evaluation as directed by supervising officer*

( ) (h) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.

( **x** ) (i) not possess a firearm, destructive device, other weapon, or ammunition, in your home, vehicle or place of employment, or upon your person.

( **x** ) (j) not use alcohol (   ) at all (  x  ) excessively.

( **x** ) (k) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless lawfully prescribed by a licensed medical practitioner.

( ✗ ) (l) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer.  Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.  The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

( ✗ ) (m) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

( ) (n) participate in one of the following location restriction programs and comply with its requirements as directed.
    (   ) (i) **Curfew.** You are restricted to your residence every day (    ) from _____ to _____ , or (    ) as directed by the pretrial services office or supervising officer; or
    (   ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
    (   ) (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.

( ) (o) submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.
    (   ) You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer.

( **x** ) (p) report within 72 hours to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( **x** ) (p) restrict travel to the Northern District of Georgia unless the supervising officer has approved travel in advance.

( ✗ ) (r) *May travel to NDNY for court-related obligations (and points in between as*

( ) (s) _necessary for such travel)_

( ✗ ) (t) _resolve active warrants pending in Ga. State Court._

AO 199C (Rev. 09/08) Advice of Penalties

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
- (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
- (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
- (3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
- (4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

Snellville , GA
*City and State*

## Directions to the United States Marshal

( ✓ ) The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 2/17/22

_____
*Judicial Officer's Signature*

JOHN K. LARKINS III, U.S. MAGISTRATE JUDGE
*Printed name and title*

DISTRIBUTION: COURT DEFENDANT PRETRIAL SERVICE U.S. ATTORNEY U.S. MARSHAL

| TIME RECEIVED | | REMOTE CSID | DURATION | PAGES | STATUS |
|---|---|---|---|---|---|
| February 17, 2022 at 9:47:59 AM EST | | 4047303599 | 196 | 4 | Received |

| 4047303599 | USMS | USMS | 09:44:13 a.m. | 02-17-2022 | 1 /4 |
|---|---|---|---|---|---|

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Northern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 1:22-CR- 46 (MAD ) |
| Taquan Parker | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant* | | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay *(name of person to be arrested)*     Taquan Parker _____
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☐ Complaint
☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

Violations of 18 U.S.C. §§ 1349 [Conspiracy to Commit Mail Fraud and Wire Fraud], 1341 [Mail Fraud], and 1028A(a)(1) [Aggravated Identity Theft]

Date:     02/10/2022                                   _____
                                                                          *Issuing officer's signature*

City and state:     Albany, New York _____           Hon. Christian F. Hummel, U.S. Magistrate Judge
                                                                          *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)*  2/14/22 , and the person was arrested on *(date)*  2/16/22 at *(city and state)*  SNELLVILLE, GA .
Date:   2/16/22                                       _____
                                                                           *Arresting officer's signature*
                                                                       DANIEL BALSO D/E  HSI SPECIAL AGENT
                                                                          *Printed name and title* |



# DEPARTMENT OF JUSTICE
## UNITED STATES MARSHALS SERVICE
### NORTHERN DISTRICT OF GEORGIA
Main: 404-331-6833
Cellblock: 404-331-6915
Cellblock Fax: 404-331-3599



## NEW ARREST / BOOKING PACKET

## DATE: 02/17/2022

| ARRESTEE INFORMATION |
|---|
| ***NOTE: The prisoner name listed below MUST match the name on the charging document issued by the court*** |

| USMS NUMBER: | LAST NAME: PARKER | | FIRST NAME: TAQUAN | | MIDDLE NAME: T.L. |
|---|---|---|---|---|---|

| SEX: M | RACE: B | HAIR COLOR: BLK | EYE COLOR: BRO | HEIGHT: 6 ft. 1 in. | WEIGHT: 214 lbs. |
|---|---|---|---|---|---|

| DATE OF BIRTH: ▊ | AGE: 25 | CITY OF BIRTH: Albany, ☒ | STATE / COUNTRY: NY / USA | CITIZENSHIP: USA |
|---|---|---|---|---|

| FBI NUMBER: 296497XD4 | SSN: ▊ | ALIEN NUMBER: | STATE ID (SID) / LOCAL ID NUMBER: |
|---|---|---|---|

| STREET ADDRESS: ▊ | CITY: Snellville | STATE: GA | ZIP: 30039 |
|---|---|---|---|

| PHONE NUMBER(S)--specify type (cell, landline, work, etc): ( ) ▊ - ▊  type: | MARITAL STATUS: Single | INTERPRETER NEEDED? YES ☐ NO ☒ LANGUAGE: |
|---|---|---|

| ARREST |
|---|

| ARRESTING AGENCY: HSI | ARREST DATE: 02/16/22 | DOES THIS SUBJECT HAVE A PRIOR FEDERAL ARREST? YES ☐ NO ☒ UNKNOWN ☐ |
|---|---|---|

| AGENT NAME (LAST, FIRST): Baldridge, DAN | AGENT PHONE #: ( ) - | IS SUBJECT WANTED ELSEWHERE? YES ☐ NO ☐ UNK ☐ IF YES, WHERE? |
|---|---|---|

| LOCATION OF ARREST: Snellville, GA | CASE NUMBER: |
|---|---|

| OFFENSE |
|---|

| 1. DESCRIPTION: 18 USC 1349 | NCIC CODE (IF KNOWN): | ORIGINATING DISTRICT / BASIS FOR ARREST (indictment, pc arrest, etc): Northern District of New York/warrant |
|---|---|---|
| 1. DESCRIPTION: Conspiracy Mail Fraud | NCIC CODE (IF KNOWN): | HAVE YOU SENT PRINTS ELECTRONICALLY TO THE FBI FOR THIS ARREST? YES: ☐  NO: ☒  UNKNOWN: ☐ |

| FACILITY HISTORY |
|---|

| DID YOU PICK THE PRISONER UP FROM ANOTHER AGENCY? YES ☐ NO ☒ IF YES, WHICH AGENCY? | DOES THE OTHER AGENCY HAVE PENDING CHARGES? YES ☐ NO ☒ |
|---|---|
| DO YOU HAVE DOCUMENTATION OF THE LOCAL CHARGES? YES ☐ NO ☐ N/A | DO YOU HAVE A WRIT FOR THE PRISONER? (If yes, provide to cellblock staff) YES ☐ NO ☒ |

DNA KIT # E0551167¹

| *** SPECIAL HANDLING *** |
|---|

**DOES PRISONER HAVE ANY MEDICAL ISSUE / HISTORY REQUIRING ATTENTION** (Ex. Diabetic, Epileptic, Heart, Blood Press, TB, Hepatitis, etc)?

| YES ☐ | NO ☒ | **MEDICATIONS** / REMARKS: |
|---|---|---|

**HAS PRISONER SAID OR DONE ANYTHING INDICATING SUICIDAL TENDENCIES WHILE IN YOUR CUSTODY? IF YES, EXPLAIN:**

| YES ☐ | NO ☒ | REMARKS: |
|---|---|---|

**DO YOU HAVE KNOWLEDGE OF ANY SUICIDAL ISSUES IN THIS SUBJECT'S HISTORY?**

| YES ☐ | NO ☒ | REMARKS: |
|---|---|---|

**DOES PRISONER APPEAR TO BE A SECURITY OR ESCAPE RISK** (Gang Affiliation, Violent Behavior / History, Escape Attempts, etc) ?

| YES ☐ | NO ☒ | REMARKS: |
|---|---|---|

## ALIASES / NICKNAMES
(If name on charging document or court file is an alias, give true name here and note in "remarks")

| 1. Quan Parker | 2. | REMARKS: |
|---|---|---|

## EMERGENCY CONTACT INFORMATION
(For use in event of medical emergencies, disposition of property, bond release assistance, etc.)

| 1. LAST NAME: Surgick | FIRST NAME: Tavia | RELATION: Mother | DATE OF BIRTH or AGE: ███ 75 | PHONE: ████ type: |
|---|---|---|---|---|
| STREET ADDRESS: ████ | | CITY: Snellville | STATE: GA  ZIP: 30039 | REMARKS: |

| 1. LAST NAME: | FIRST NAME: | RELATION: | DATE OF BIRTH or AGE: / / | PHONE: ( ) - type: |
|---|---|---|---|---|
| STREET ADDRESS: | | CITY: | STATE:  ZIP: | REMARKS: |

## SCARS, MARKS, TATOOS

DESCRIPTION:
"Tavia" on right Forearm; "Narren" on upper right arm; "FOE" ~~Family one~~ on right Forearm; left arm has ½ sleeve Tattoos

## VEHICLES

| 1. YEAR: | MAKE: | MODEL: | COLOR: | TAG NUMBER: state: | OWNER: |
|---|---|---|---|---|---|
| 1. YEAR: | MAKE: | MODEL: | COLOR: | TAG NUMBER: state: | OWNER: |

## LICENSES / PASSPORTS / ID CARDS, etc.

| 1. NUMBER: | STATE / COUNTRY: | TYPE: | REMARKS: |
|---|---|---|---|
| 1. NUMBER: | STATE / COUNTRY: | TYPE: | REMARKS: |

2

## EMPLOYERS

| 1. OCCUPATION: | COMPANY NAME: | | | | POINT OF CONTACT: | | PHONE : ( ) - type: |
|---|---|---|---|---|---|---|---|
| Stock Person | Amazon Prime Warehouse | | | | Unknown | | |
| STREET ADDRESS: | | CITY: | STATE: | ZIP: | START DATE: 01/01/2022 | | END DATE: / / |
| Unknown | | Snellville | GA | | | | |
| 1. OCCUPATION: | COMPANY NAME: | | | | POINT OF CONTACT: | | PHONE : ( ) - type: |
| STREET ADDRESS: | | CITY: | STATE: | ZIP: | STREET ADDRESS: | | CITY: |

## MILITARY

| BRANCH OF SERVICE: | ENTRY DATE (M/Y): / / | DISCHARGE DATE (M/Y): / / | TYPE OF DISCHARGE: | RANK AT DISCHARGE: |
|---|---|---|---|---|

## RELATIVES / CLOSE FRIENDS
(Other than mentioned under "Emergency Contacts")

| 1. LAST NAME: | FIRST NAME: | RELATION: | DATE OF BIRTH or AGE / / | PHONE: ( ) - type: |
|---|---|---|---|---|
| STREET ADDRESS: | | CITY: | STATE: | ZIP: | REMARKS: |

| 1. LAST NAME: | FIRST NAME: | RELATION: | DATE OF BIRTH or AGE / / | PHONE: ( ) - type: |
|---|---|---|---|---|
| STREET ADDRESS: | | CITY: | STATE: | ZIP: | REMARKS: |

| 1. LAST NAME: | FIRST NAME: | RELATION: | DATE OF BIRTH or AGE / / | PHONE: ( ) - type: |
|---|---|---|---|---|
| STREET ADDRESS: | | CITY: | STATE: | ZIP: | REMARKS: |

## BOND INFORMATION
(To be completed by arresting agent after the initial appearance)

WAS A BOND ISSUED AT THE INITIAL APPEARANCE?

| YES: ☐ | NO: ☐ | IF YES, **AMOUNT** and **TYPE**: | | MAGISTRATE JUDGE: |
|---|---|---|---|---|

Revised 05/2008

- Arresting agency must contact the Pretrial Services duty officer (**404-215-1950; 404-730-3142 fax**) and duty magistrate court to schedule initial appearance. USMS personnel will deliver prisoner to magistrate holding cell when notified by the court, for transfer to arresting agency prior to court appearance.

- Prisoners must be thoroughly searched prior to transfer to USMS custody. Only the following prisoner property will be accepted:
    1. One plain wedding band with no stones (no other jewelry)
    2. Check from government agency (ex. state or local jail)
    3. Legal papers such as court documents and attorney-client correspondence. **No personal letters / cards will be accepted**

- **Arresting agents must provide the cellblock with:**
    1. Copy of the <u>executed arrest warrant</u> and <u>charging document</u>; original copy of warrant, if in agent's possession
    2. Written release status, if picked up from a local jail facility
    3. Copy of writ, if prisoner brought into N/GA from another facility on a writ

**\*\*\*USMS staff will complete all booking; agents are not required by USMS to provide prints or submit them to the FBI \*\*\***

3

13



U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
FEB 1 0 2022
AT_____ O'CLOCK
John M. Domurad, Clerk - Albany

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) Criminal No. | 1:22-CR-**46** (**MAD**) |
| | ) | |
| v. | ) **Indictment** | |
| | ) | |
| **KAHLEKE TAYLOR A/K/A** | ) Violations: | 18 U.S.C. §§ 1349, 1341, 1343 |
| **"FLEX," TAQUAN PARKER, and** | ) | [Conspiracy to Commit Mail |
| ▓▓▓▓▓▓▓▓▓▓▓▓ | ) | Fraud and Wire Fraud] |
| | ) | |
| | ) | 18 U.S.C. § 1341 |
| **Defendants.** | ) | [Mail Fraud] |
| | ) | |
| | ) | 18 U.S.C. § 1343 |
| | ) | [Wire Fraud] |
| | ) | |
| | ) | 18 U.S.C. § 1028A(a)(1) |
| | ) | [Aggravated Identity Theft] |
| | ) | |
| | ) 9 Counts and Forfeiture Allegation | |
| | ) | |
| | ) Counties of | Albany and Rensselaer |
| | ) Offense: | |

## THE GRAND JURY CHARGES:

### Unemployment Insurance Background

At all times relevant to this indictment:

1.     The New York State Department of Labor ("NYSDOL"), based in Albany County,

New York, was an agency of the State of New York responsible for administering unemployment

insurance claims and distributing benefits to eligible New Yorkers.

2.     NYSDOL payments to beneficiaries included unemployment insurance benefits

paid in accordance with federal government programs created in response to the ongoing COVID-

19 pandemic. Certain federal unemployment insurance programs allowed individuals who would

not normally qualify for unemployment insurance benefits to receive payments. Federal

unemployment insurance programs also provided for supplemental weekly payments ranging from $300 to $600.

3.      New Yorkers who qualified for unemployment insurance benefits could apply through an online NYSDOL system housed on computer systems located in Albany County, New York. Applicants completed an online application and then re-certified their eligibility for benefits on a weekly basis. Applicants entered certain means of identification in the online system, including names, birthdates, Social Security numbers, and state identification card numbers. Applicants were also required to provide sufficient information to confirm their eligibility for unemployment insurance benefits, such as their work history and whether they were available to work immediately.

4.      NYSDOL gave applicants two options to receive unemployment insurance benefits as part of the online application process. First, applicants could choose to receive their benefits by direct deposit into an existing bank account. Under this option, NYSDOL direct deposited benefits into a bank account identified by the applicant on his or her application. Second, applicants could choose to receive their benefits via a debit card issued by KeyBank, N.A. ("KeyBank"), a bank headquartered in Ohio. Under this option, NYSDOL sent the mailing address and other information provided by the applicant to KeyBank. KeyBank generated a debit card for the applicant and sent it via the United States Postal Service to the mailing address provided by the applicant. Unemployment insurance benefits were deposited into an account linked to the debit card, which could be used to withdraw cash or make online payments and point-of-sale purchases.

2

## COUNT 1
### [Conspiracy to Commit Mail Fraud and Wire Fraud]

#### The Conspiracy

5. The allegations set out in paragraphs 1 through 4 of this indictment are hereby re-alleged and incorporated by reference as if set forth herein.

6. From in or around August 2020, through in or around June 2021, in Albany and Rensselaer Counties in the Northern District of New York, and elsewhere, defendants **KAHLEKE TAYLOR A/K/A "FLEX," TAQUAN PARKER**, and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ conspired to commit the following offenses:

a. **Mail Fraud**, by devising and intending to devise a scheme and artifice to defraud NYSDOL, and for obtaining money and property from NYSDOL by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, and attempting to do so, knowingly caused to be placed in an authorized depository for mail matter, any matter and thing to be sent and delivered by the United States Postal Service, and knowingly caused to be delivered by mail according to the direction thereon any matter and thing, in violation of Title 18, United States Code, Section 1341; and

b. **Wire Fraud**, by devising and intending to devise a scheme and artifice to defraud NYSDOL, and for obtaining money and property from NYSDOL by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, and attempting to do so, transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, and pictures, in violation of Title 18, United States Code, Section 1343.

3

**Object of the Conspiracy**

7. The object of the conspiracy was to fraudulently obtain unemployment insurance benefits by submitting false claims in the names of other people to NYSDOL.

**Manner and Means**

It was a manner and means of the conspiracy that:

8. Through Facebook postings in or around August 2020, **TAYLOR** solicited the means of identification of other people for use in filing false and fraudulent unemployment insurance claims.

9. In Facebook messages exchanged on or about August 9, 2020, asked **TAYLOR** to file a false unemployment insurance claim using the means of identification of another person.

10. In Facebook messages exchanged on or about August 11, 2020, **TAYLOR** agreed to file a false unemployment insurance claim using the means of identification of J.S. sent **TAYLOR** the name, birthdate, and Social Security number of J.S., as well as the bank routing and account number for an account (the "Bank Account") to be used in receiving unemployment insurance benefits through direct deposit. When **TAYLOR** asked for the identity of J.S.'s last employer, replied, "Construction . . . He only worked under the table before" and instructed **TAYLOR** to make something up. **TAYLOR** then advised that he expected to receive approximately \$3,500 of the fraud proceeds obtained by submitting a false unemployment insurance claim in J.S.'s name.

11. Later in the day on or about August 11, 2020, **TAYLOR** accessed the online NYSDOL unemployment insurance system and filed a false application for benefits in J.S.'s name and using J.S.'s birthdate and Social Security number. In completing the application, **TAYLOR** falsely certified that J.S. last worked as a "Blue Collar" employee of a hotel in Latham, New York

4

on or about March 12, 2020, and stopped work due to "Lack of Work - COVID." **TAYLOR** also input the bank routing and account number for the Bank Account and used ████████ nickname, ████████ as the maiden name of J.S.'s mother.

12.   On or about August 11, 2020, **PARKER** exchanged Facebook messages with **TAYLOR** and asked **TAYLOR** to "do an unemployment for me." **TAYLOR** agreed and wrote, "send it."

13.   On or about August 12, 2020, **TAYLOR** sent ████████ a Facebook message containing a photograph of the NYSDOL online unemployment insurance benefits system screen showing a "Current Claim" in the name and Social Security number of J.S. **TAYLOR** sent the photograph from Albany, New York, and it was transmitted through servers located outside of New York State.

14.   On or about August 26, 2020, **PARKER** sent **TAYLOR** the name, birthdate, and Social Security number of T.M. through Facebook.

15.   On or about August 27, 2020, **TAYLOR** accessed the online NYSDOL unemployment insurance system and filed a false application for benefits in T.M.'s name and using T.M.'s birthdate and Social Security number. In completing the application, **TAYLOR** used **PARKER's** last name as the maiden name of T.M.'s mother.

16.   On or about September 2, 2020, KeyBank sent an NYSDOL-branded debit card issued in T.M.'s name through the United States Postal Service to an address in Albany, New York.

17.   In Facebook messages exchanged on or about September 3, 2020, ████████ provided **TAYLOR** with the name, birthdate, and Social Security number of T.K.

5

███████████ and **TAYLOR** agreed to split unemployment insurance benefits fraudulently obtained in T.K.'s name equally and to not share the benefits with T.K.

18.     On or about September 5, 2020, **TAYLOR** sent **PARKER** a Facebook message containing a photograph of a KeyBank confirmation page reflecting the status of the debit card mailing for the unemployment insurance claim in T.M.'s name. **PARKER** then sent **TAYLOR** the name, birthdate, Social Security number, and New York State identification card number of A.M. **PARKER** and **TAYLOR** agreed they would not share unemployment insurance benefits obtained through fraudulent claims made in T.M.'s and A.M.'s names with T.M. or A.M.

19.     On or about September 6, 2020, **TAYLOR** accessed the online NYSDOL unemployment insurance system and filed false applications for benefits in the names of T.K. and A.M. and using T.K.'s and A.M.'s birthdate and Social Security number. **TAYLOR** input ███████████ nickname, ███████ as the maiden name of T.K.'s mother and input **PARKER's** last name as the maiden name of A.M.'s mother.

20.     On or about September 10, 2020, KeyBank sent NYSDOL-branded debit cards issued in A.M.'s and T.K.'s names through the United States Postal Service to addresses in Albany and Rensselaer, New York, respectively.

21.     From in or around August 2020, through in or around January 2021, NYSDOL transferred approximately $17,578 in unemployment insurance benefits on the claim filed in J.S.'s name to the Bank Account.

22.     On or about August 21 and 22, 2020, approximately $3,135 was electronically transferred through approximately ten separate transactions from the Bank Account to an online mobile payment service account registered in J.S.'s name.

6

23. On or about August 21 and 24, 2020, approximately $3,305 was electronically transferred through approximately three separate transactions from the online mobile payment service account in J.S.'s name to an online mobile payment service account registered in **TAYLOR's** name.

24. From in or around September 2020, through in or around June 2021, NYSDOL transferred approximately $90,562 in unemployment insurance benefits to bank accounts linked to KeyBank debit cards issued in the names of T.M., T.K., and A.M.

25. From in or around September 2020, through in or around June 2021, the KeyBank debit cards issued in the names of T.M., T.K., and A.M., and the bank accounts linked to the debit cards, were used to withdraw United States currency from automated teller machines ("ATMs"), electronically transfer funds, and purchase goods and services, including:

a. From in or around October 2020, through in or around June 2021, **TAYLOR** used an online mobile payment service account registered in his name to transfer funds from KeyBank unemployment insurance benefits accounts in the names of T.M., T.K., and A.M.

b. From in or around November 2020, through in or around March 2021, **TAYLOR** used a KeyBank debit card issued in A.M.'s name to withdraw United States currency from ATMs in Albany and Rensselaer Counties, New York.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2 THROUGH 4
## [Mail Fraud]

26. The allegations set out in paragraphs 1 through 25 of this indictment are hereby re-alleged and incorporated by reference as if set forth herein.

27. From in or around August 2020, through in or around June 2021, in Albany and Rensselaer Counties in the Northern District of New York, and elsewhere, defendants **KAHLEKE**

7

TAYLOR A/K/A "FLEX," TAQUAN PARKER, and ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆ devised and intended to devise a scheme and artifice to defraud NYSDOL, and to

obtain money and property from NYSDOL by means of materially false and fraudulent pretenses,

representations, and promises.

    28.    For the purpose of executing such scheme and artifice to defraud and to obtain

money and property by means of materially false and fraudulent pretenses, representations, and

promises, the defendants listed as to each count below, on or about the following dates, knowingly

caused to be delivered by the United States Postal Service according to the directions thereon the

following matters and things:

| Count | Defendants | Approximate Date of Mailing | Description of the Matters and Things | Location of Delivery |
|---|---|---|---|---|
| 2 | KAHLEKE TAYLOR A/K/A "FLEX" and TAQUAN PARKER | September 2, 2020 | NYSDOL Debit Card issued by KeyBank in the Name of T.M. | Albany, New York |
| 3 | KAHLEKE TAYLOR A/K/A "FLEX" and TAQUAN PARKER | September 10, 2020 | NYSDOL Debit Card issued by KeyBank in the Name of A.M. | Albany, New York |
| 4 | KAHLEKE TAYLOR A/K/A "FLEX" and ▆▆▆▆▆▆ | September 10, 2020 | NYSDOL Debit Card issued by KeyBank in the Name of T.K. | Rensselaer, New York |

All in violation of Title 18, United States Code, Section 1341.

## COUNT 5
### [Wire Fraud]

    29.    The allegations set out in paragraphs 1 through 25 of this indictment are hereby re-

alleged and incorporated by reference as if set forth herein.

8

30.     From in or around August 2020, through in or around June 2021, in Albany County in the Northern District of New York, and elsewhere, defendants **KAHLEKE TAYLOR A/K/A "FLEX"** and ▬▬▬▬▬▬▬▬▬▬ devised and intended to devise a scheme and artifice to defraud NYSDOL, and to obtain money and property from NYSDOL by means of materially false and fraudulent pretenses, representations, and promises.

31.     For the purpose of executing such scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, **TAYLOR** and ▬▬▬▬▬▬▬▬▬ caused to be transmitted by means of wire communication in interstate commerce the following writings, signs, signals, and pictures, that is, on or about August 12, 2020, **TAYLOR** sent ▬▬▬▬▬▬▬ a photograph of the NYSDOL online unemployment insurance benefits system screen showing a "Current Claim" in the name and Social Security number of J.S. from an electronic device in Albany, New York, through servers located outside of New York State, in violation of Title 18, United States Code, Section 1343.

## COUNTS 6 THROUGH 9
### [Aggravated Identity Theft]

32.     The allegations set out in paragraphs 1 through 31 of this indictment are hereby re-alleged and incorporated by reference as if set forth herein.

33.     On or about each of the dates set forth below, in Albany and Rensselaer Counties in the Northern District of New York, and elsewhere, the defendants listed as to each count below, during and in relation to a felony violation contained in Chapter 63 of Title 18 of the United States Code, that is violations of Title 18, United States Code, Sections 1341 (mail fraud), 1343 (wire fraud), and 1349 (conspiracy to commit mail fraud and wire fraud), knowingly transferred, possessed, and used, without lawful authority, means of identification of other persons, as specified in each count below, during and in relation to a scheme to defraud NYSDOL:

9

| Count | Defendants | Approximate Date | Means of Identification Possessed |
|-------|-----------|------------------|-----------------------------------|
| 6 | **KAHLEKE TAYLOR A/K/A "FLEX"** and | August 11, 2020 | Name, birthdate, and Social Security number of J.S. |
| 7 | **KAHLEKE TAYLOR A/K/A "FLEX"** and **TAQUAN PARKER** | August 26, 2020 | Name, birthdate, and Social Security number of T.M. |
| 8 | **KAHLEKE TAYLOR A/K/A "FLEX"** and | September 3, 2020 | Name, birthdate, and Social Security number of T.K. |
| 9 | **KAHLEKE TAYLOR A/K/A "FLEX"** and **TAQUAN PARKER** | September 5, 2020 | Name, birthdate, Social Security number, and state identification card number of A.M. |

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE ALLEGATION

1.     The allegations contained in Counts 1 through 5 of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.     Upon conviction of offenses in violation of Title 18, United States Code, Sections 1341 and 1349, as set forth in Counts 1 through 5 of this indictment, the defendants, **KAHLEKE TAYLOR A/K/A "FLEX," TAQUAN PARKER,** and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real and personal, which constitutes and is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following:

> a. Money judgments as to each defendant equal to the value of the proceeds derived from the offenses.

10

3.     If any of the property described above, as a result of any act or omission of

**TAYLOR, PARKER**, and ▓▓▓▓▓▓▓▓:

> a.  cannot be located upon the exercise of due diligence;
>
> b.  has been transferred or sold to, or deposited with, a third party;
>
> c.  has been placed beyond the jurisdiction of the court;
>
> d.  has been substantially diminished in value; or
>
> e.  has been commingled with other property which cannot be divided without
>     difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title

21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section

2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Dated:     February 10, 2022

A TRUE BILL,

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Grand Jury Foreperson

CARLA B. FREEDMAN
United States Attorney

By:     _____

John T. Chisholm
Assistant United States Attorney
Bar Roll No. 702727

24

**MAGISTRATE'S CRIMINAL MINUTES - REMOVALS (Rule 5 & 5.1)**

FILED IN OPEN COURT

| | | | |
|---|---|---|---|
| DATE: | 2/15/2022 | @ | 4:20 p.m. |
| TAPE: | FTR | | |
| TIME IN COURT: | 33 Minutes | | |

| | | | |
|---|---|---|---|
| MAGISTRATE JUDGE | **JOHN K. LARKINS III** | COURTROOM DEPUTY CLERK: | Cynthia Mercado |
| CASE NUMBER: | 1:22-MJ-138-JKL | DEFENDANT'S NAME: | Brian Donaldson |
| AUSA: | Alana Black | DEFENDANT'S ATTY: | Courtney O'Donnell |
| USPO / PTR: | Jaime Bowers | ( ) Retained ( ) CJA (X ) FDP ( ) Waived | |

| | | | | |
|---|---|---|---|---|
| | ARREST DATE | | | |
| X | Initial appearance hearing held. | | X | Defendant informed of rights. |
| | Interpreter, sworn: | | | |

<b>COUNSEL</b>

| | | | |
|---|---|---|---|
| X | ORDER appointing Federal Defender as counsel for defendant. | | |
| | ORDER appointing | | as counsel for defendant. |
| | ORDER: defendant to pay attorney's fees as follows: | | |

<b>REMOVAL HEARING</b>

| | | | |
|---|---|---|---|
| X | Defendant WAIVES identity hearing. | X | WAIVER FILED |
| | Identity hearing HELD. | Defendant is named defendant in complaint / indictment. | |
| | Defendant WAIVES preliminary hearing in this district only. | | WAIVER FILED |
| | Preliminary hearing HELD. | Probable cause found. Defendant to answer to charges in other district. | |
| | Preliminary hearing set for | | |
| | Commitment issued; defendant ORDERED held for removal to other district. | | |

<b>BOND/PRETRIAL DETENTION HEARING</b>

| | | | | | |
|---|---|---|---|---|---|
| X | Government's motion for detention filed. | | @ | | |
| | Detention hearing | @ | | | (In charging district.) |
| X | Bond/Pretrial detention hearing HELD. | | | | |
| | Government motion for detention ( ) GRANTED (X) DENIED | | | | |
| | Pretrial detention ordered. | Written order to follow. | | | |
| X | BOND set at | $10,000 | X | NON-SURETY | SURETY |

25

| | | | cash | | | property | | corporate surety ONLY | |
|---|---|---|---|---|---|---|---|---|---|
| | SPECIAL CONDITIONS: | | | | | | | | |
| | | | | | | | | | |
| X | Bond filed. Defendant released. | | | | | | | | |
| | Bond not executed. Defendant to remain in Marshal's custody. | | | | | | | | |
| | Motion | | (verbal) | to reduce/revoke bond filed. | | | | | |
| | Motion to reduce/revoke bond | | | | GRANTED | | DENIED | | |

MINUTES: Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence- that is, evidence that favors the defendant or casts doubt on the United States' case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. The government has a duty to disclose any evidence that goes to negating the defendant's guilt, the credibility of a witness, or that would reduce a potential sentence. The defendant is entitled to this information without a request. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

WITNESSES:

| | |
|---|---|
| | |
| | |
| | |

EXHIBITS:

| | | | | | |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| Original Exhibits | | RETAINED by the Court | | RETURNED to counsel | |